# EXHIBIT A

 **CT Corporation**

**TO:** Hope Buckley
The Hershey Company
100 Crystal A Drive
Hershey, PA 17033

**RE:** **Process Served in Delaware**

**FOR:** The Hershey Company  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ROBERT BRATTON, Individually and on behalf of all others similarly situated in Missouri, Pltf. vs. HERSHEY COMPANY, Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, First Amended Petition |
| **COURT/AGENCY:** | COLE COUNTY - CIRCUIT COURT, ., MO Case # 16ACCC00451 |
| **NATURE OF ACTION:** | Plaintiff, individually and on behalf of all similarly situated persons in Missouri, prays the Court to grant certification of this case as a class action |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/16/2016 at 13:30 |
| **JURISDICTION SERVED :** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | David L. Steelman STEELMAN, GAUNT & HORSEFIELD 901 Pine Street, Suite 110 Rolla, MO 65401 (573) 458-5231 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/16/2016, Expected Purge Date: 11/21/2016 |
| | Image SOP |
| | Email Notification, Kim N. Clukey  kclukey@hersheys.com |
| | Email Notification, Kaley Miller  kaleymiller@hersheys.com |
| | Email Notification, Hope Buckley  hbuckley@hersheys.com |
| | Email Notification, Jennifer Oswald  joswald@hersheys.com |
| | Email Notification, Monica Sartini  msartini@hersheys.com |
| | Email Notification, Paula Walter  pwalter@hersheys.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 **CT Corporation**

**TO:** Hope Buckley
The Hershey Company
100 Crystal A Drive
Hershey, PA 17033

**RE:** **Process Served in Delaware**

**FOR:** The Hershey Company  (Domestic State: DE)

**SIGNED:** The Corporation Trust Company
**ADDRESS:** 1209 N Orange St
Wilmington, DE 19801-1120
**TELEPHONE:** 302-658-7581

Page 2 of  2 / PS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# IN THE 19TH JUDICIAL CIRCUIT COURT, COLE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JON EDWARD BEETEM | Case Number: 16AC-CC00451 |
| Plaintiff's/Petitioner:<br>ROBERT BRATTON | Plaintiff's/Petitioner's Attorney/Address<br>DAVID LLOYD STEELMAN<br>901 N. Pine Street<br>SUITE 110<br>P.O. Box 1257<br>vs.    ROLLA, MO 65401 |
| Defendant/Respondent:<br>THE HERSHEY COMPANY | Court Address:<br>301 E HIGH<br>JEFFERSON CITY, MO 65101 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

*(Stamp: 16 NOV -9 PM 3:19 NEW CASTLE COUNTY)*

## Summons in Civil Case

**The State of Missouri to: HERSHEY COMPANY**
**Alias: CORPORATION TRUST COMPANY**

**1209 ORANGE ST**
**WILMINGTON, DE 19801**

*COURT SEAL OF*

*COLE COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_11/1/2016_
Date

_____ by mh Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
Date          Notary Public

---

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $    10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only:* **Document Id # 16-SMCC-618**          1 of 1          Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 2:16-cv-04322-NKL   Document 1-1   Filed 12/16/16   Page 4 of 41

Electronically Filed - Cole Circuit - October 28, 2016 - 09:43 AM

## IN THE CIRCUIT COURT OF COLE COUNTY, MISSOURI

ROBERT BRATTON,
Individually and on behalf of all
others similarly situated in
Missouri,

    Plaintiff,

v.

THE HERSHEY COMPANY,

    Defendant.

Case No. 16AC-CC00451

### FIRST AMENDED PETITION AND JURY DEMAND

Plaintiff Robert Bratton, individually and on behalf of all others similarly situated in Missouri ("Class Members" or the "Class"), alleges the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

### NATURE OF THE CASE

1.     "Informed consumers are essential to the fair and efficient functioning of a free market economy. Packages . . . should enable consumers to obtain accurate information as to the quantity of the contents and should facilitate value comparisons." 15 U.S.C.A. § 1451.

2.     The average consumer spends a mere 13 seconds making an in-store purchasing decision.[1] That decision is heavily dependent on a product's packaging, and particularly the package dimensions: "'Most of our studies show that 75 to 80 percent of consumers don't even bother to look at any label information, no less the net weight' . . . . Faced with a large box and a

---

[1] http://www.nielsen.com/us/en/insights/news/2015/make-the-most-of-your-brands-20-second-window.html (citing the Ehrenberg-Bass Institute of Marketing Science's report "Shopping Takes Only Seconds...In-Store and Online") (last accessed October 20, 2016).

Case 2:16-cv-04322-NKL   Document 1-1   Filed 12/16/16   Page 5 of 41

smaller box, both with the same amount of product inside . . . consumers are apt to choose the larger box because they think it's a better value."[2]

3.      Plaintiff brings this class-action lawsuit based on Defendant's misleading, deceptive and unlawful conduct in packaging its Reese's Pieces candy ("Products") in non-transparent cardboard boxes, which are substantially under-filled or "slack-filled." The slack-fill serves no functional purpose. Consumers paid a premium for the Products, which they would not have purchased had they known that the containers were substantially empty, or would have purchased them on different terms.

4.      Accordingly, Plaintiff brings this action on behalf of himself and all others similarly situated to recover damages and injunctive relief for Defendant's false, deceptive, and misleading conduct in violation of the Missouri Merchandising Practices Act ("MMPA") and Missouri common law, and for disgorgement of Defendant's unjust enrichment.

## PARTIES

5.      Plaintiff, Robert Bratton, is a resident of Columbia, Missouri. On at least one occasion during the Class Period (as defined below), Plaintiff purchased Reese's Pieces candy at a Gerbes store in Columbia, Missouri, for personal, family, or household purposes. The purchase price of the Product was $1.00. Plaintiff's claim is typical of all Class Members in this regard. In addition, the non-functional slack-fill contained in the Product purchased by Plaintiff is typical of, and identical to, the slack-fill contained in the Products purchased by Class Members.

6.      Defendant The Hershey Company is a Delaware corporation with its corporate headquarters located at 100 Crystal A Drive, Hershey, Pennsylvania 17033 and with The

---

[2] http://www.consumerreports.org/cro/magazine-archive/2010/january/shopping/product-packaging/overview/product-packaging-ov.htm (quoting Brian Wansink, professor and director of the Cornell Food and Brand Lab, who studies shopping behavior of consumers) (last accessed October 20, 2016).

Electronically Filed - Cole Circuit - October 28, 2016 - 09:43 AM

Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, Delaware 19801 designated as its agent for service of process. Defendant and its agents manufacture, market, distribute, label, promote, advertise and sell the Products.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court. The amount in controversy is less than $75,000 per Plaintiff and Class Member individually and less than $5,000,000 in the aggregate. Plaintiff believes and alleges that the total value of his individual claims is at most equal to the refund of the purchase price he paid for the Product.

8.  Moreover, because the value of Plaintiff's claims is typical of the claim value of each Class Member, the total damages to Plaintiff and Class Members, inclusive of costs and attorneys' fees, will not exceed $4,999,999 and is less than the five million dollar ($5,000,000) minimum threshold necessary to create federal court jurisdiction.

9.  Defendant cannot plausibly allege it has sold sufficient Products in Missouri during the Class Period to satisfy CAFA's jurisdictional minimum amount in controversy.

10.  Based on the allegations of the foregoing paragraphs, there is no diversity or CAFA jurisdiction for this case.

11.  This Court has personal jurisdiction over Defendant pursuant to § 506.500, RSMo., as Defendant has had more than sufficient minimum contact with the State of Missouri and has availed itself of the privilege of conducting business in this state. Additionally, and as explained below, Defendant has committed affirmative tortious acts within the State of Missouri that give rise to civil liability, including distributing and selling the misbranded Products throughout the State of Missouri.

3

12.     Venue is proper in this forum pursuant to §§ 508.010 and 407.025.1, RSMo., because the transactions complained of occurred in Cole County, Missouri and Plaintiff was injured in Cole County, Missouri.

### ALLEGATIONS OF FACT

#### Federal and Missouri State Law Prohibit Non-Functional Slack-Fill

13.     Defendant's deceptive and misleading conduct, as described herein, violates the Federal Food, Drug and Cosmetic Act ("FDCA") Section 403 (21 U.S.C. § 343); Section 403(d) (21 U.S.C. § 343(d)); and the Code of Federal Regulations Title 21 part 100, *et seq.*, as well as parallel Missouri statutes.  As described in detail below, these violations contravene Missouri's Merchandising Practices Act, which prohibits deceptive, fraudulent, misleading and unfair conduct in connection with the sale or advertisement of any merchandise in trade or commerce. § 407.020.43, RSMo.

14.     21 C.F.R. § 100.100 prohibits nonfunctional slack-fill:

In accordance with section 403(d) of the act, a food shall be deemed to be misbranded if its container is so made, formed, or filled as to be misleading.

(a) A container that does not allow the consumer to fully view its contents shall be considered to be filled as to be misleading if it contains nonfunctional slack-fill. Slack-fill is the difference between the actual capacity of a container and the volume of product contained therein. Nonfunctional slack-fill is the empty space in a package that is filled to less than its capacity for reasons other than:

> (1) Protection of the contents of the package;

> (2) The requirements of the machines used for enclosing the contents in such package;

> (3) Unavoidable product settling during shipping and handling;

> (4) The need for the package to perform a specific function (e.g., where packaging plays a role in the preparation or consumption of a food), where such function is inherent to the nature of the food and is clearly communicated to consumers;

4

Electronically Filed - Cole Circuit - October 28, 2016 - 09:43 AM

(5) The fact that the product consists of a food packaged in a reusable container where the container is part of the presentation of the food and has value which is both significant in proportion to the value of the product and independent of its function to hold the food, e.g., a gift product consisting of a food or foods combined with a container that is intended for further use after the food is consumed; or durable commemorative or promotional packages; or

(6) Inability to increase level of fill or to further reduce the size of the package (e.g., where some minimum package size is necessary to accommodate required food labeling (excluding any vignettes or other nonmandatory designs or label information), discourage pilfering, facilitate handling, or accommodate tamper-resistant devices).

15.    In addition, pursuant to 21 C.F.R. § 100.100, a container is presumptively misleading if it does not allow the consumer to fully view its contents and if it contains nonfunctional slack-fill.

16.    Missouri state law also prohibits non-functional slack-fill and incorporates language identical to the C.F.R.: "[F]ood shall be deemed to be misbranded: . . . . (4) If its container is so made, formed or filled as to be misleading." § 196.075, RSMo.

17.    None of the enumerated safe-harbor provisions described above applies to the Products, thereby rendering the Products' slack-fill "nonfunctional" and unlawful. Defendant intentionally incorporated non-functional slack-fill in its packaging of the Products in order to mislead consumers, including Plaintiff and Members of the Class. *Waldman v. New Chapter, Inc.,* 714 F. Supp. 2d 398, 405 (E.D.N.Y. 2010) ("Misleading consumers is not a valid reason to package a product with slack-fill. *See* 21 C.F.R. § 100.100(a)(1-6).").

### Defendant's Products Contain Substantial Non-Functional Slack-Fill

18.    Defendant manufactures, markets, promotes, labels, advertises, and sells a variety of confectionery products, including the Products at issue.

19.    The Products are "peanut butter candy in a crunchy shell."

5



20.     The Products are sold throughout the State of Missouri, and are regularly sold at grocery stores, convenience stores, supermarkets and other food retail outlets.

21.     Defendant's Products are packaged in non-transparent cardboard containers, which contain substantial non-functional slack-fill, as depicted below.



6

22. The Product containers are an implicit representation of the amount of product contained therein, because consumers reasonably assume that the Products will contain a full complement of product.

23. Reasonable consumers, such as Plaintiff, attached importance to the Products' size as a basis for their purchasing decisions.

24. Defendant's Products are misleading because they contain non-functional slack-fill and the Products' non-transparent cardboard containers prevented Plaintiff and Class Members from viewing the amount of product contained therein. Moreover, the slack-fill cannot be legally justified under any of the enumerated safe-harbor provisions of 21 C.F.R. § 100.100.

25. Plaintiff and Class Members did not know, and had no reason to know, that the Product packaging contained non-functional slack-fill.

26. Defendant's Product packaging was a material factor in Plaintiff's decision to purchase the Products. Based on the Product packaging, Plaintiff and the Class Members believed that they were getting more Product than was actually being sold. Had Plaintiff and Class Members known Defendant's packaging was slack-filled, they would not have purchased the Products, or would not have paid a premium to purchase them.

27. Plaintiff and Class Members suffered an ascertainable loss as a result of Defendant's unlawful conduct, including the percentage of non-functional slack-fill relative to the purchase price paid.

## CLASS ALLEGATIONS

28. Pursuant to Missouri Rule of Civil Procedure 52.08 and § 407.025.2 of the MMPA, Plaintiff brings this action on his own behalf and on behalf of a proposed class of all other similarly situated persons consisting of:

7

> All Missouri citizens who purchased the Products in the five years preceding the filing of this Petition (the "Class Period").

29.     Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

30.     Upon information and belief, the Class consists of hundreds or thousands of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

31.     There are numerous and substantial questions of law or fact common to all of the members of the Class that predominate over any individual issues. Included within the common questions of law or fact are:

    a.     Whether the Products' container or packaging is so made, formed, or filled as to be misleading;

    b.     Whether the Products contained non-functional slack-fill;

    c.     Whether Defendant violated the MMPA by selling the Products in containers with non-functional slack-fill;

    d.     Whether, and to what extent, injunctive relief should be granted to prevent such conduct in the future;

    e.     Whether Defendant has been unjustly enriched by the sale of the Products to the Plaintiff and Class;

8

     f.     Whether Plaintiff and Class Members have sustained damages as a result of Defendant's unlawful conduct; and

     g.     The proper measure of damages sustained by Plaintiff and Class Members.

32.     The claims of the Plaintiff are typical of the claims of Class Members, in that he shares the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiff and Defendant's conduct affecting Class Members, and Plaintiff has no interests adverse to the interests of other Class Members.

33.     Plaintiff will fairly and adequately protect the interests of Class Members and has retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

34.     A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

     a.     The claims presented in this case predominate over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

     b.     Absent a Class, the Class Members will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

     c.     Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members

9

have no substantial interest in individually controlling the prosecution of individual actions;

d.    When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

e.    This action presents no difficulty that would impede its management by the court as a class action which is the best available means by which Plaintiff and members of the Class can seek redress for the harm caused to them by Defendant.

35.    Because Plaintiff seeks relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual member of the Class, which would establish incompatible standards of conduct for Defendant.

36.    Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests. As a consequence, class treatment is a superior method for adjudication of the issues in this case.

**CLAIMS FOR RELIEF**

**COUNT I:**
**Violation of Missouri's Merchandising Practices Act**

37.    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

10

38.     Plaintiff brings this claim individually and on behalf of the Class for Defendant's violations of the MMPA. The MMPA "is designed to regulate the marketplace to the advantage of those traditionally thought to have unequal bargaining power as well as those who may fall victim to unfair practices." *Huch v. Charter Commc'ns Inc.*, 290 S.W. 3d 721, 725 (Mo. banc. 2009). The MMPA provides that it is unlawful to "act, use or employ . . . deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . ." § 407.020.1, RSMo.

39.     Defendant's conduct as described above constitutes the act, use or employment of deception, fraud, false pretenses, false promises, misrepresentation, unfair practices and/or the concealment, suppression, or omission of any material facts in connection with the sale or advertisement of any merchandise in trade or commerce in that Defendant incorporates substantial non-functional slack-fill into the Products' non-transparent packaging. As such, the Product containers are made, formed, or filled as to be misleading.

40.     Defendants' misrepresentations and omissions as set forth in this Petition are material in that they relate to matters that are important to consumers and/or are likely to affect the purchasing decisions or conduct of consumers, including Plaintiff and Class Members.

41.     In violation of the MMPA, Defendant employed fraud, deception, false promise, misrepresentation and/or the knowing concealment, suppression or omission of material facts in its sale and advertisement of the Products.

42.     Plaintiff and Class Members purchased the Products for personal, family, or household purposes.

11

43. Plaintiff and Class Members suffered an ascertainable loss as a result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the purchased Products and the value of the Products if they had been as represented. Had Plaintiff and Class Members known the truth about the Products, they would not have purchased the Products, or would have purchased the Products on different terms.

44. In addition, Defendant's conduct has caused Plaintiff and Class Members irreparable injury. As described herein, Defendant has engaged in unlawful and misleading conduct on a routine and automated basis, harming Missouri consumers in a uniform manner. Unless restrained and enjoined, Defendant will continue such conduct. As authorized under § 407.025.2, RSMo., Plaintiff requests injunctive relief, and such other equitable relief as the Court deems just and proper.

**COUNT II:**
**Unjust Enrichment**

45. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

46. By purchasing the Products, Plaintiff and Class Members conferred a benefit on Defendant in the form of the purchase price of the slack-filled Products.

47. Defendant had knowledge of such benefits.

48. Defendant appreciated the benefit because, were consumers not to purchase the Products, Defendant would not generate revenue from the sales of the Products.

49. Defendant's acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant's fraudulent and misleading representations and omissions.

12

50.     Equity cannot in good conscience permit Defendant to be economically enriched for such actions at the Plaintiff's and Class Members' expense and in violation of Missouri law, and therefore restitution and/or disgorgement of such economic enrichment is required.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons in Missouri, prays the Court:

a.     Grant certification of this case as a class action;

b.     Appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

c.     Award compensatory damages to Plaintiff and the proposed Class in an amount which, when aggregated with all other elements of damages, costs, and fees, will not exceed $75,000 per Class Member and/or $4,999,999 for the entire Class, or, alternatively, require Defendant to disgorge or pay restitution in an amount which, when aggregated with all other elements of damages, costs, and fees, will not exceed $75,000 per Class Member and/or $4,999,999 for the entire Class;

d.     Award pre- and post-judgment interest in an amount which, collectively with all other elements of damages, costs, and fees will not exceed $75,000 per Class Member and/or $4,999,999 for the entire Class;

e.     Award reasonable and necessary attorneys' fees and costs to Class counsel, which, collectively with all other elements of damages, costs, and fees will not exceed $75,000 per Class Member and/or $4,999,999 for the entire Class; and

f.     For all such other and further relief as may be just and proper.

13

Dated this 28th day of October 2016.

Robert Bratton, Individually, and on Behalf of a Class of Similarly Situated Individuals, Plaintiff

By: /s/ David L. Steelman

David L. Steelman, #27334
dsteelman@steelmanandgaunt.com
Stephen F. Gaunt, #33183
sgaunt@steelmanandgaunt.com
Patrick J. Horsefield, #50380
phorsefield@steelmanandgaunt.com
STEELMAN, GAUNT & HORSEFIELD
901 Pine Street, Suite 110
Rolla, Missouri 65401
Tel: (573) 458-5231
Fax: (573) 341-8548

Attorneys for Plaintiff and the Putative Class



Search for Cases by: Select Search Method... ▼

Judicial Links | eFiling | Help | Contact Us | Print                    Logon

**16AC-CC00451 - ROBERT BRATTON V THE HERSHEY COMPANY (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ◉ Descending ○ Ascending          Display Options: All Entries ▼

---

**11/28/2016**      **Corporation Served**
Document ID - 16-SMCC-601; Served To - THE HERSHEY COMPANY; Server - ; Served Date - 28-NOV-16; Served Time - 00:00:00; Service Type - Other; Reason Description - Served

**Summ Req-Circ Pers Serv O/S**
Affidavit of Service.
> **Filed By:** DAVID LLOYD STEELMAN
> **On Behalf Of:** ROBERT BRATTON

**11/01/2016**      **Summons Issued-Circuit**
Document ID: 16-SMCC-618, for CORPORATION TRUST COMPANY.

**10/28/2016**      **Amend Pet/Mot to Modfy Filed**
First Amended Petition and Jury Demand.
> **Filed By:** DAVID LLOYD STEELMAN
> **On Behalf Of:** ROBERT BRATTON

**10/27/2016**      **Summ Req-Circ Pers Serv O/S**
Letter To Clerk.
> **Filed By:** DAVID LLOYD STEELMAN
> **On Behalf Of:** ROBERT BRATTON

**10/26/2016**      **Summons Issued-Circuit**
Document ID: 16-SMCC-601, for THE HERSHEY COMPANY.Attorney to print two copies of service document created to issue for service and return. Service copy to include filings to serve, if applicable.

**10/25/2016**      **Filing Info Sheet eFiling**
> **Filed By:** DAVID LLOYD STEELMAN

**Note to Clerk eFiling**
> **Filed By:** DAVID LLOYD STEELMAN

**Confid Filing Info Sheet Filed**
Confidential Case Filing Information Sheet.
> **Filed By:** DAVID LLOYD STEELMAN
> **On Behalf Of:** ROBERT BRATTON

**Pet Filed in Circuit Ct**
Petition and Jury Demand.

**Filed By:** DAVID LLOYD STEELMAN

**Judge Assigned**

# EXHIBIT B
# Proposed to be
# filed under seal

# EXHIBIT C-1

## IN THE CIRCUIT COURT OF PHELPS COUNTY, MISSOURI

Evelyn Wood,  )
Individually and on behalf of all others  )
similarly situated,  )
                                        )
                    Plaintiff,          )
                                        )
        vs.                             )    Case No. 12PH-CV00952
                                        )
Macy's Inc., Macys.com, Inc., and Macy's  )
Retail Holdings, Inc.,  ¹               )
                                        )
                    Defendants.         )

'FILED

NOV 28 2012

SUE BROWN
CIRCUIT CLERK
PHELPS COUNTY, MO

## FINAL APPROVAL OF CLASS SETTLEMENT AND FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, Plaintiff Evelyn Wood on behalf of a putative settlement class ("the Settlement Class"), and Defendants Macy's, Inc., Macys.com, Inc. and Macy's Retail Holdings, Inc. (collectively referred to hereafter as "Macy's" or "Defendants") have reached a proposed settlement and compromise of the disputes between them in the above-captioned Action, as embodied and more fully described in the Settlement Agreement filed with the Court;

WHEREAS, the proposed Settlement covers claims for injunctive and declaratory relief, but not claims for money damages, if any. Notwithstanding the foregoing, any and all claims for money damages possessed by the individually named Plaintiff are released.

WHEREAS, a Final Approval Hearing was held on _____ 11 | 28 | 2012 _____, 2012, at which time the Court heard arguments from the Parties' counsel.

NOW THEREFORE, the Court, having heard the presentations of Class Counsel and Defendants' Counsel, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable,

**EXHIBIT**

A

Case: 4:13-cv-00249-JCH Doc. #: 14-1 Filed: 03/07/13 Page: 2 of 5 PageID #: 276
Nov 28 2012 5:03PM 25TH Circuit 5737746032 page 4

NOV/27/2012/TUE 02:06 PM FAX No. P. 004

having considered the application of Class Counsel for an award of attorneys' fees, and having reviewed the materials in support thereof, it is hereby ORDERED, ADJUDGED and DECREED THAT:

1. ( The terms defined in the Settlement Agreement in this matter, when used in this Order, carry the same defined meaning as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class.

3. The Settlement Class, also referred to as the End-User Class, is bound by this Order and Judgment.

4. For purposes of the Settlement and this Final Judgment and Order of Dismissal with Prejudice, the Settlement Class, is also referred to as the End-User Class. "End-User Class" or "Settlement Class" are interchangeable and mean all End-Users, wherever situated, including, without limitation, consumers and customers of Macy's and Persons in all of the United States, who accessed, visited, browsed or used the www.macys.com website or any website owned and controlled by Macy's, including without limitation www.bloomingdales.com. "End-User," for purposes of this Order, means a Person that uses the Internet for any purpose on the client side of the client-server relationship, including but not limited to, consumers and customers using the Internet.

5. The requirements of the Missouri Rules of Civil Procedure are satisfied, for purposes of the Settlement only, including: (1) members of the Settlement Class are too numerous to be joined individually; (2) there are questions of law or fact common to the Settlement Class; (3) the claims or defenses of the Class Representative are typical of the claims

Case: 4:13-cv-00249-JCH Doc. #: 14-1 Filed: 03/07/13 Page: 3 of 5 PageID #: 277
Nov 28 2012 5:03PM 25TH Circuit 5737740032 Page 5

NOV/27/2012/TUE 02:06 PM                    FAX No.                          P. 005

or defenses of the Settlement Class; and (4) the Class Representative and Class Counsel will fairly and adequately protect the interests of the Settlement Class.

6. At all times relevant to this Action and this Settlement, the Amount in Controversy, including the actual cost of the injunctive relief borne by Defendants, Class Counsels' fees and all expenses and interest is less than $4,999,999 in the aggregate.

7. The requirements of the Missouri Rules of Civil Procedure are satisfied for purposes of the Settlement only, including that the Party opposing the Class has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

8. Due to the broad, automatic, and uniform benefit of the injunctive relief in this action, it will inure to benefit all members of the End-User Class in equal measure. Accordingly, no Notice is required or necessary as: absent Class Members retain their rights to sue for monetary relief; the Settlement extends near complete injunctive relief to the Class; there is no evidence of collusion amongst the Parties; the Settlement negotiations were conducted at arms' length; and the cost of Notice itself would actually jeopardize the Settlement Agreement. The Court, in its discretion, declines to order Notice in this Action as it is not required in order to satisfy the requirements of Missouri law or federal due process of law.

9. The Settlement, as set forth in the Settlement Agreement, is in all respects fair, reasonable, adequate and in the best interests of the Settlement Class, and it is approved. The Parties to the Settlement Agreement shall effectuate the Settlement Agreement according to its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

10. Upon the Effective Date of Settlement, all Class Members shall, by operation of this Final Judgment and Order of Dismissal with Prejudice, be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against all Released Parties.

11. The Released Parties are hereby released from any obligation to preserve any information, materials, documents, or data, in any form, where that obligation arose in the course of this Action through and including the Effective Date thereof. This release shall be deemed to apply *nunc pro tunc* to the date upon which this Action was filed.

12. Upon the Effective Date of Settlement, the Parties and each and every Settlement Class Member shall be bound by this Settlement Agreement. No other action, demand, suit, or other claim for injunctive or declaratory relief may be pursued against the Released Parties with respect to the Released Claims. The Settlement Agreement, except as noted in Section 1.20, does not release claims for individual pecuniary losses or actual monetary damages, if any, except that to the extent a third-party seeks contribution or indemnity from any Released Party to satisfy a claim of a member of the End-User Class, which claim is covered by the Release, that claim shall be waived by the member of the End-User Class up to and including the Released Party's full obligation of indemnification or contribution.

13. This Order and Judgment, the Settlement Agreement, the agreement which it reflects, and any and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as, or used as an admission or concession on the part of Macy's ,with respect to any claim of any fault or wrongdoing or liability or damage whatsoever. Plaintiff and all Settlement Class Members expressly agree that this Release will be and may be raised as a complete defense to and will preclude any action or proceeding encompassed by this Release.

15.    The Court approves the payment to Class Counsel of $650,000 in attorneys' fees, inclusive of any and all costs, including but not limited to expert fees, pursuant to the terms set forth in the Settlement Agreement.

16.    The Court further approves the payment of $5,000 to the Class Representative.

17.    All payments described herein shall be made in the manner and at the times set forth in the Settlement Agreement.

18.    The above-captioned Action is hereby dismissed in its entirety with prejudice. Except as otherwise provided in this Order, the Parties shall bear their own costs and attorneys' fees. Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation, interpretation, and enforcement of the terms of the Settlement Agreement, including for interpretation of provisions relating to Mootness Applications, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing, interpreting, and enforcing the Settlement embodied in this Settlement Agreement.

SO ORDERED.

11/28/12
Date

Hon. _____



Judicial Links | eFiling | Help | Contact Us | Print                    Logon

## 12PH-CV00952 - EVELYN WOOD ET AL V MACY'S.COM, ET AL

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ◉ Descending ○ Ascending          Display Options: | All Entries ▼ |

---

**05/09/2013**     **Judge/Clerk - Note**
RECEIVED EMAIL REQUEST FOR RECORDS. PAYMENT RECEIVED ON 05/10/13 AND RECORDS
EMAILED KK 05102013

**03/14/2013**     **Received of:**
A Payment of -$34.50 was made on receipt 25PH118871.

**03/07/2013**     **Judge/Clerk - Note**
RECORD REQ RECEIVED AND REQ RECORDS EMAILED 03112013 KK

**01/08/2013**     **Correspondence Filed**
Prepayment received. Records copied and mailed kk 01/08/13

**12/31/2012**     **Judge/Clerk - Note**
ALL DOCUMENTS FILED PRIOR TO 1-01-2013

**12/14/2012**     **Correspondence Filed**
Received record req from Atty. Prepayment letter sent kk 12/17/2012

**11/28/2012**     **Dismiss by Ct w/ Prejudice**
            Filed By: TRACY L STORIE

        **Judgment Entered**
Final Approval of Class Settlement and Final Judgment and Order of Dismissal with Prejudice
            Filed By: TRACY L STORIE

**11/27/2012**     **Amended Motion/Petition Filed**
FIRST AMENDED PETITION
            Filed By: DAVID LLOYD STEELMAN

        **Motion Filed**
UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
            Filed By: DAVID LLOYD STEELMAN

        **Memorandum Filed**
MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

            Filed By: DAVID LLOYD STEELMAN

        **Application Filed**

APPLICATION FOR ATTORNEYS' FEES, COSTS AND CLASS REPRESENTATIVE INCENTIVE AWARDS
    **Filed By:** DAVID LLOYD STEELMAN

**11/06/2012**    **Order**
Protective Order
    **Filed By:** TRACY L STORIE

**10/24/2012**    **Stipulation Filed**
STIPULATED MOTION TO STAY PROCEEDINGS
    **Filed By:** JOSEPH W RIGLER

    **Consent Filed**
AGREEMENT TO EXTEND DEADLINE
    **Filed By:** JOSEPH W RIGLER

**10/04/2012**    **Judge/Clerk - Note**
Received request for records. Prepayment letter sent on Oct 9, 2012 kk

**09/26/2012**    **Stipulation Filed**
AGREEMENT TO EXTEND FILING DEADLINE.
    **Filed By:** JOSEPH W RIGLER

**08/24/2012**    **Judge Assigned**
CASE TRANSFERRED TO JUDGE STORIE

**08/22/2012**    **Order**
NOW ON THIS 22ND DAY OF AUGUST 2012, DAVID A . STAMPLEY, STUART L. COCHRAN AND SCOTT A. KAMBER ARE GRANTED ADMISSION PRO HAC VICE AS COUNSEL FOR PLAINTIFF. SO ORDERED BY THE HONORABLE JUDGE TRACY L. STORIE.

**08/20/2012**    **Order**
    **Associated Entries:** 07/24/2012 - Motion Hearing Scheduled
    **Scheduled For:** 08/20/2012;  1:00 PM ;  MARY W SHEFFIELD;  Phelps

    **Order for Change of Judge**
    **Filed By:** MARY W SHEFFIELD

    **Order**
ORDER OF ADMISSION NOW ON THIS 20TH DAY OF AUGUST, 2012, BEFORE TH E COURT COMES THE MOTION OF MARK S. MELODIA FOR ADMISSION PRO HAC VICE IN THIS CASE. THEW COURT REVIEWS THE MOTION FOR APPLICATION AND, FINDING THE MOTION IN COMPLIANCE WITH SUPREME COURT RULE 9.03 AND ACCOMPANIED BY THE APPLICANT'S CERTIFICATE OF GOOD STANDING AN DMISSOURI SUPREME COURT RULE 6.01 PAYMENT RECEIPT SUSTAINS THE MOTION AND ADMITS MARK S. MELODIA TO PRACTICE BEFORE THE COURT IN THIS CASE. SO ORDERED. /S/TRACY L. STORIE, JUDGE
    **Filed By:** TRACY L STORIE

    **Filing:**
    **Filed By:** STEPHEN FRANK GAUNT

**08/14/2012**    **Hearing Scheduled**

Case 2:16-cv-04322-NKL   Document 1-1   Filed 12/16/16   Page 29 of 41

Scheduled For: 08/20/2012;  1:00 PM ;  WILLIAM EARL HICKLE;  Phelps

08/13/2012        **Motion Filed**
                  MOTION HEARING SET FOR 08/20/12, AT 1:00 P.M..
                      **Filed By:** JOSEPH W RIGLER

08/08/2012        **Entry of Appearance Filed**

08/02/2012        **Receipt Filed**

08/01/2012        **Motion Filed**
                  MOTION FOR ADMISSION PRO HAC VICE

                  **Entry of Appearance Filed**
                      **Filed By:** JOSEPH W RIGLER

07/25/2012        **Judge/Clerk - Note**
                  phone call from Mary with atty for Defendent. Prepayment letter faxed 072512.

07/24/2012        **Motion Hearing Scheduled**
                      **Associated Entries:** 08/20/2012 - Order
                      Scheduled For: 08/20/2012;  1:00 PM ;  MARY W SHEFFIELD;  Phelps

07/23/2012        **Notice of Hearing Filed**
                      **Filed By:** STEPHEN FRANK GAUNT

07/13/2012        **Judge/Clerk - Note**
                  Received payment and records mailed kk 071312

07/10/2012        **Judge/Clerk - Note**
                  Rec req for records from Attorneys Hunton and Williams. Records copied and prepayment letter faxed on
                  07/11/12 kk

07/05/2012        **Motion for Change of Judge**
                      **Filed By:** STEPHEN FRANK GAUNT

                  **Certificate of Service**
                      **Filed By:** STEPHEN FRANK GAUNT

                  **Certificate of Service**
                      **Filed By:** STEPHEN FRANK GAUNT

                  **Filing:**
                  MOTION FOR ADMISSION PRO HAC VICE

06/28/2012        **Received of:**
                  A Payment of -$150.00 was made on receipt 25PH105085.

                  **Summons Issued-Circuit**
                  Document ID: 12-SMCC-822, for MACY'S RETAIL HOLDINGS, INC.

                  **Summons Issued-Circuit**
                  Document ID: 12-SMOS-111, for MACY'S.COM, INC.

**Summons Issued-Circuit**

Document ID: 12-SMOS-110, for MACY'S INC.

06/25/2012     **Pet Filed in Circuit Ct**

              **Judge Assigned**

---

Case.net Version 5.13.13.1          [Return to Top of Page](#)          Released 08/19/2016

# EXHIBIT C-2

IN THE CIRCUIT COURT OF PHELPS COUNTY, MISSOURI

Jerome Jurgens,                                    )
Individually and on behalf of all others           )
similarly situated,                                )
                                                   )
              Plaintiff,                            )
                                                   )    Case No. 12PH-CV00900
vs.                                                )
                                                   )
J.C. Penney Corporation, Inc.,                     )
                                                   )
              Defendant.                            )
                                                   )
                                                   )

## FINAL APPROVAL OF CLASS SETTLEMENT AND FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

WHEREAS, Plaintiff Jerome Jurgens on behalf of a putative settlement class ("the Settlement Class"), and J.C. Penney Corporation, Inc., ("jcp") have reached a proposed settlement and compromise of the disputes between them in the above-captioned Action, as embodied and more fully described in the Settlement Agreement filed with the Court;

WHEREAS, the proposed Settlement covers claims for injunctive and declaratory relief, but not claims for money damages, if any. Notwithstanding the foregoing, any and all claims for money damages possessed by the individually named Plaintiff are released.

WHEREAS, a Final Approval Hearing was held on _____, 2012, at which time the Court heard arguments from the Parties' counsel.

NOW THEREFORE, the Court, having heard the presentations of Class Counsel and Defendant's Counsel, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, having con-

EXHIBIT

C

sidered the application of Class Counsel for an award of attorneys' fees, and having reviewed the materials in support thereof, it is hereby ORDERED, ADJUDGED and DECREED THAT:

1.     The terms defined in the Settlement Agreement in this matter, when used in this Order, carry the same defined meaning as set forth in the Settlement Agreement.

2.     The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class.

3.     The Settlement Class, also referred to as the End-User Class, is bound by this Order and Judgment.

4.     For purposes of the Settlement and this Final Judgment and Order of Dismissal with Prejudice, the Settlement Class, is also referred to as the End-User Class. "End-User Class" or "Settlement Class" are interchangeable and mean all End-Users, wherever situated, including, without limitation, Persons in all of the United States, who accessed, visited, browsed or used the www.jcp.com website or any website owned and controlled by jcp, including but not limited to all consumers as well as all customers of jcp. "End-User," for purposes of this Order, means a Person that uses the Internet for any purpose on the client side of the client-server relationship, including but not limited to, consumers and customers using the Internet.

5.     The requirements of the Missouri Rules of Civil Procedure are satisfied, for purposes of the Settlement only, including: (1) members of the Settlement Class are too numerous to be joined individually; (2) there are questions of law or fact common to the Settlement Class; (3) the claims or defenses of the Class Representative are typical of the claims or defenses of the Settlement Class; and (4) the Class Representative and Class Counsel will fairly and adequately protect the interests of the Settlement Class.

6. At all times relevant to this Action and this Settlement, the Amount in Controversy, including the actual cost of the injunctive relief borne by Defendant, class counsels' fees and all expenses and interest is less than $4,999,999 in the aggregate.

7. The requirements of the Missouri Rules of Civil Procedure are satisfied for purposes of the Settlement only, including that the Party opposing the Class has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

8. Due to the broad, automatic, and uniform benefit of the injunctive relief in this action, it will inure to benefit all members of the End-User Class in equal measure. Accordingly, no Notice is required or necessary as: absent Class Members retain their rights to sue for monetary relief; the Settlement extends near complete injunctive relief to the Class; there is no evidence of collusion amongst the Parties; the Settlement negotiations were conducted at arms' length; and the cost of Notice itself would actually jeopardize the Settlement Agreement. The Court, in its discretion, declines to order Notice in this Action as it is not required in order to satisfy the requirements of Missouri law or federal due process of law.

9. The Settlement, as set forth in the Settlement Agreement, is in all respects fair, reasonable, adequate and in the best interests of the Settlement Class, and it is approved. The Parties to the Settlement Agreement shall effectuate the Settlement Agreement according to its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

10. Upon the Effective Date of Settlement, all Class Members shall, by operation of this Final Judgment and Order of Dismissal with Prejudice, be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against all Released Parties.

11.     The Released Parties are hereby released from any obligation to preserve any information, materials, documents, or data, in any form, where that obligation arose in the course of this Action through and including the Effective Date thereof. This release shall be deemed to apply nunc pro tunc to the date upon which this Action was filed.

12.     Upon the Effective Date of Settlement, the Parties and each and every Settlement Class Member shall be bound by this Settlement Agreement. No other action, demand, suit, or other claim for injunctive or declaratory relief may be pursued against the Released Parties with respect to the Released Claims. The Settlement Agreement, except as noted in Section 1.20, does not release claims for individual pecuniary losses or actual monetary damages, if any, except that to the extent a third-party seeks contribution or indemnity from any Released Party to satisfy a claim of a member of the End-User Class, which claim is covered by the Release, that claim shall be waived by the member of the End-User Class up to and including the Released Party's full obligation of indemnification or contribution.

13.     This Order and Judgment, the Settlement Agreement, the agreement which it reflects, and any and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as, or used as an admission or concession on the part of jcp with respect to any claim of any fault or wrongdoing or liability or damage whatsoever. Plaintiff and all Settlement Class Members expressly agree that this Release will be and may be raised as a complete defense to and will preclude any action or proceeding encompassed by this Release.

14.     "Released Parties" means jcp and the Related Entities of same, whether specifically named and whether or not participating in the Settlement by payment or otherwise. "Released Parties" does not include any Service Provider or any Related Entity of any Service Provider including but not limited to Shop Local LLC and Cross Media Services Inc. and its parent,

Page 4 of 5

subsidiary and/or their affiliated entities. This Settlement and Release shall not inure to the benefit of any person or entity not specifically identified herein including but not limited to Shop Local LLC and Cross Media Services Inc. and its parent, subsidiary and their affiliated entities. As a result, this Settlement is narrowly tailored for the benefit of the Class and jcp.

15. The Court approves the payment to Class Counsel of $650,000 in attorneys' fees, inclusive of any and all costs, including but not limited to expert fees, pursuant to the terms set forth in the Settlement Agreement.

16. The Court further approves the payment of $5,000 to the Class Representative.

17. All payments described herein shall be made in the manner and at the times set forth in the Settlement Agreement.

18. The above-captioned Action is hereby dismissed in its entirety with prejudice. Except as otherwise provided in this Order, the Parties shall bear their own costs and attorneys' fees. Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation, interpretation, and enforcement of the terms of the Settlement Agreement, including for interpretation of provisions relating to Mootness Applications, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing, interpreting, and enforcing the Settlement embodied in this Settlement Agreement.

SO ORDERED.

$\frac{10}{Date} / 1 / 12$

The Hon. Tracy L. Storie

Page 5 of 5



ase.net

**Your Missouri Courts**

Search for Cases by: | Select Search Method... ▼ |

Judicial Links   |   eFiling   |   Help   |   Contact Us   |   Print                         Logon

12PH-CV00900 - JEROME JURGENS V J.C. PENNY CORP.

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ⦿ Descending ◯             Display Options: | All Entries ▼ |
Ascending

---

**09/13/2013**        **Request for Records Filed**
REQUEST FOR RECORDS FILED

**05/09/2013**        **Judge/Clerk - Note**
RECEIVED RECORD REQ. PAYMENT RECEIVED AND RECORDS EMAILED ON 05102013

**02/08/2013**        **Correspondence Filed**
RECEIVED RECORD REQUEST FROM MATT AT ARMSTRONG & TEASDALE. RECORDS FAXED KK
02/08/13

**02/05/2013**        **Correspondence Filed**
RECEIVED RECORD REQUEST FROM CLYDE AND CO. RECORDS FAXED KK 020513

**12/31/2012**        **Judge/Clerk - Note**
ALL DOCUMENTS FILED PRIOR TO 1-01-2013

                      **Judge/Clerk - Note**
ALL DOCUMENTS FILED PRIOR TO 1-01-2013

**10/01/2012**        **Dismissed by Parties**
FINAL APPROVAL OF CLASS SETTLEMENT AND FINDAL JUDGMENT AND ORDER OF DISMISSAL
WITH PREJUDICE

                      **Application Filed**
APPLICATION FOR ATTORNEYS' FEES, COSTS AND CLASS REPRESENTATIVE INCENTIVE
AWARDS
        **Filed By:** STEPHEN FRANK GAUNT

                      **Motion Filed**
UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
        **Filed By:** STEPHEN FRANK GAUNT

                      **Memorandum Filed**
MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
        **Filed By:** STEPHEN FRANK GAUNT

                      **Amended Motion/Petition Filed**
FIRST AMENDED PETITION

                      **Order**
NOW ON THIS 1ST DAY OF OCTOBER, 2012, IT IS ORDERED THAT PLAINTIFF BE GRANTED LEAVE

        TO FILE HIS FIRST AMENDED PETITION
          **Filed By:** TRACY L STORIE

**09/19/2012**     **Stipulation Filed**
        STIPULATED MOTION TO STAY PROCEEDINS.
          **Filed By:** JOSEPH W RIGLER

**08/20/2012**     **Filing:**
        AGREEMENT TO EXTEND FILING DEADLINE
          **Filed By:** STEPHEN FRANK GAUNT

**08/09/2012**     **Hearing/Trial Cancelled**
          **Scheduled For:** 08/06/2012; 1:00 PM ; TRACY L STORIE; Phelps

**08/08/2012**     **Judge/Clerk - Note**
        Received payment for records and records mailed

**08/07/2012**     **Entry of Appearance Filed**
          **Filed By:** BRYAN ORMSBY WADE

          **Motion to Withdraw**
          **Filed By:** JOSEPH W RIGLER

**07/26/2012**     **Entry of Appearance Filed**
        COMES NOW MARK S. MELODIA, HAVING BEEN GRANTED ADMISSION PRO HAV VICE PURSUANT
TO MISSOURI SUPREME COURT RULE 9.03, AND JOSEPH W. RIGLER, AND JOINTLY ENTER THEIR
APPEARANCE AS CO-COUNSEL FOR DFT.
          **Filed By:** JOSEPH W RIGLER

          **Order**
        ORDER FOR ADMISSION NOW ON THIS 25TH DAY OF JULY, 2012, BEFORE THE COURT COMES
THE MOTION OF MARK S MELODIA FOR ADMISSION PRO HAC VICE IN THIS CASE. THE COURT
REVIEWS THE MOTION FOR APPLICATION AND, FINDING THE MOTION IN COMPLIANCE WITH
SUPREME COURT RULE 9.03 AND ACCOMPANIED BY THE APPLICANT'S CERTIFICATE OF GOOD
STANDING AND MISSOURI SUPREME COURT RULE 6.01 PAYMENT RECEIPT, SUSTAINS THE
MOTION AND ADMITS MARK S. MELODIA TO PRACTICE BEFORE THE COURT IN THIS CASE. SO
ORDERED BY THE HONORABLE JUDGE TRACY L. STORIE, PRESIDING CIRCUIT JUDGE, DIVISION 1
OF THE 25TH JUDICIAL CIRCUIT COURT OF PHELPS COUNTY, MISSOURI.
          **Filed By:** TRACY L STORIE

          **Motion Filed**
        MOTION FOR ADMISSION PRO HAC VICE. SUBMITTED BY ADFT JOSEPH W. RIGLER SPONSOR
FOR MOVANT FOR ADMISSION, MARK MELODIA, NJ BAR # 002601995
          **Filed By:** JOSEPH W RIGLER

**07/25/2012**     **Order**
        NOW ON THIS 25TH DAY OF JULY, 2012, BEFORE THE COURT COMES THE MOTION OF MARK S.
MELODIA FOR ADMISSION PRO HAC VICE IN THIS CASE. THE COURT REVIEWS THE MOTION FOR
APPLICATION AND, FINDING THE MOTION IN COMPLIANCE WITH SUPREME COURT RULE 9.03 AND
ACCOMPANIED BY THE APPLICANT'S CERTIFICATE OF GOOD STANDING AND MISSOURI
SUPREME COURT RULE 6.01 PAYMENT RECEIPT, SUSTAINS THE MOTION AND ADMISTS MARK S.
MELODIA TO PRACTICE BEFORE THE COURT IN THIS CASE. SO ORDERED. /S/TRACY L. STORIE,
JUDGE
          **Filed By:** TRACY L STORIE

Case 2:16-cv-04322-NKL   Document 1-1   Filed 12/16/16   Page 39 of 41

| 07/20/2012 | **Filing:** |
|---|---|
| | AGREEMENT TO EXTEND FILING DEADLINE. |
| | **Filed By:** STEPHEN FRANK GAUNT |

| 07/18/2012 | **Entry of Appearance Filed** |
|---|---|
| | ENTRY OF APPEARANCE (PRO HAC VICE) AS CO-COUNSEL FOR DEFENDANT |
| | **Filed By:** JOSEPH W RIGLER |
| | **Motion Filed** |
| | MOTION FOR ADMISSION PRO HAC VICE WITH CERTIFICATE AND RECEIPT (WITH PROPOSED ORDER) |
| | **Filed By:** JOSEPH W RIGLER |

| 07/06/2012 | **Order** |
|---|---|
| | NOW ON THIS 5TH DAY JULY, 2012, DAVID A. STAMPLEY, STUART L. COCHRAN AND SCOTT A. KAMBER ARE GRANTED ADMISSION PRO HAC VICE AS COUNSEL FOR PLAINTIFFS. (NEED BAR NUMBERS) /S/TRACY L. STORIE, JUDGE |
| | **Filed By:** TRACY L STORIE |

| 06/25/2012 | **Motion Hearing Scheduled** |
|---|---|
| | **Associated Entries:** 08/09/2012 - Hearing/Trial Cancelled |
| | **Scheduled For:** 08/06/2012;  1:00 PM ;  TRACY L STORIE;  Phelps |

| 06/22/2012 | **Notice of Hearing Filed** |
|---|---|
| | MOTION HEARING ON 08/06/12 AT 9:00 A.M.. |
| | **Filed By:** STEPHEN FRANK GAUNT |
| | **Motion Filed** |
| | MOTION FOR ADMISSIONS PRO HAC VICE. |
| | **Filed By:** STEPHEN FRANK GAUNT |
| | **Motion Filed** |
| | MOTION FOR ADMISSIONS PRO HAC VICE. |
| | **Filed By:** STEPHEN FRANK GAUNT |
| | **Motion Filed** |
| | MOTION FOR ADMISSIONS PRO HAC VICE. |
| | **Filed By:** STEPHEN FRANK GAUNT |
| | **Certificate of Service** |
| | **Filed By:** STEPHEN FRANK GAUNT |

| 06/19/2012 | **Received of:** |
|---|---|
| | A Payment of -$150.00 was made on receipt 25PH104519. |
| | **Summons Issued-Circuit** |
| | Document ID: 12-SMCC-774, for J.C. PENNY CORPORATION, INC.. |

| 06/12/2012 | **Pet Filed in Circuit Ct** |
|---|---|
| | **Judge Assigned** |

Case 2:16-cv-04322-NKL   Document 1-1   Filed 12/16/16   Page 40 of 41

# EXHIBIT D
# Proposed to be
# filed under seal